UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL INSURANCE COMPANY,
an Indiana corporation,

       Plaintiff,

Case No.: 5:06-cv-11328
Honorable O'Meara, John Corbett

vs.

PROJECT CONTROL SYSTEMS, INC., a Michigan
corporation, PCSI MANAGEMENT, LLC d/b/a PVA
EARTHWORKS, a Michigan limited liability company,
ASSEM SHEIKH, an individual, and NADA SHEIKH,
an individual,

       Defendants.
_____/

Michael D. Carroll (P53815)
**KERR, RUSSELL AND WEBER, PLC**
Attorneys for Plaintiff
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
(mdc@krwlaw.com)
_____/

**PRELIMINARY INJUNCTION ORDER**

       This matter having come before the Court upon the Motion for Temporary Restraining Order and/or Preliminary Injunction of Plaintiff and the filing of Federal Insurance Company's Verified Complaint, both of which are supported by Affidavits and Exhibits, the Court having reviewed the Motion and Verified Complaint and accompanying Affidavits and Exhibits;

       The Court having issued a Temporary Restraining Order ("TRO") on Friday, March 31, 2006, setting a hearing date of April 4, 2006, for Defendants to show cause why a Preliminary Injunction should not issue;

Defendants Project Control Systems, Inc. and PCSI Management, LLC d/b/a PVA Earthworks having been served with the Motion, the Verified Complaint and the TRO on Monday, April 3, 2006;

Project Control Systems, Inc. and PCSI Management LLC d/b/a PVA Earthworks having been defaulted as of the date of this Order;

The Court having issued an Amended Temporary Restraining Order on April 5, 2006, which set the hearing date of April 27, 2006 to revisit the Amended TRO, including with regard to the progress of Federal's investigation of the served Defendants' assets;

The Court having found Federal to be substantially likely to prevail against the Defendants in connection with the subject General Agreement of Indemnity, and having determined that Federal will be irreparably harmed in its rights if not given injunctive relief of the type hereunder; and

The Court being otherwise fully advised, now, therefore:

**IT IS HEREBY ORDERED** that the relief granted in the Temporary Restraining Order is continued except as herein modified.

**IT IS HEREBY FURTHER ORDERED** as to the following projects in connection with which Project Control Systems, Inc. worked as general contractor, and which were bonded by Federal Insurance Company ("Federal"):

(a) New Walnut Lake Sanitary Pumping Station for the owner/obligee Oakland County Drain Commissioner, County Agency for the County of Oakland ("Walnut Lake Project"); Bond No. 81964314;

(b) New Macomb County Public Works Building for the owner/oblige Macomb County Board of Commissioners ("Macomb Public Works Building Project"); Bond No. 81966212;

 (c) Village of Dundee Industrial Pretreatment Facility Contract A for the owner/oblige Village of Dundee, Michigan ("Dundee Project"); Bond No. 81966215;

 (d) Bishop International Airport Snow Removal Equipment Building Expansion for the owner/oblige Bishop International Airport ("Bishop Airport Project"); Bond No. 81957262;

 (e) United States Postal Service St. Clair Carrier Annex Site for the owner/oblige United States Postal Service ("Postal Service Project"); Bond NO. 81966198; and

 (f) First Floor Renovation Martha T. Berry Medical Care Facility for the owner/oblige Macomb County ("Macomb Medical Facility Project"), Bond No. 81966225.

(Collectively the foregoing are hereinafter referred to as the "Bonded Projects"), that the Owners/Obligees shall make all further payments that would otherwise be due Project Control Systems, Inc., directly and solely to Federal.

**IT IS HEREBY FURTHER ORDERED** that each of Defendants shall provide Federal a full and complete accounting of all assets owned by them or in which they have an interest; and shall allow Federal and/or its agents full and complete access to all of their financial books, records and accounts, and other asset documentation, including but not limited to, all accounting and other project documents related to any and all construction projects, whether bonded or not bonded by Federal, as well as any and all deeds, titles, security agreements, evidence of indebtedness, or like documentation regarding both the existence of and the value of any assets that could be used to fulfill Defendants' collateralization obligation under the General Agreement of Indemnity;

**IT IS FURTHER ORDERED** that Project Control Systems, Inc. and PCSI Management LLC d/b/a PVA Earthworks are to immediately place with Federal the initial amount of $2,750,000.00 in funds by money, property, or liens or security interests in property, as security for its obligations under the Bonds;

**IT IS HEREBY FURTHER ORDERED** that Project Control Systems, Inc. and PCSI Management, LLC d/b/a PVA Earthworks are enjoined and restrained from selling, transferring or disposing their assets and property and Defendants are further enjoined and restrained from allowing their assets and property to be liened, unless and until Federal receives the $2,750,000.00 in security referenced above, or further Order of the Court;

**IT IS HEREBY FURTHER ORDERED** that there being no just reason for delay, execution under Fed.R.Civ.P. 69 and other proceedings supplementary to judgment including but not limited to, garnishments and creditor's examinations, are and shall continue to be immediately available to Federal to enforce the terms of the Amended Temporary Restraining Order and this Order, as against Project Control Systems, Inc. and PCSI Management, LLC d/b/a PVA Earthworks, and that any money or property so procured by Federal shall be held in a separate account until further Order of this Court.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated:  April 27, 2006